IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ACCELERATION BAY LLC,

                     Plaintiff,

      v.

TAKE-TWO INTERACTIVE SOFTWARE,
INC., ROCKSTAR GAMES, INC. and 2K
SPORTS, INC.,

                  Defendants.

C.A. No. 16-455-RGA

## MEMORANDUM ORDER

Before me is Defendants' motion for attorneys' fees and costs, estimated to be about nine million dollars. (D.I. 520). I have considered the parties' briefing. (D.I. 521, 524, 528). For the reasons set forth below, Defendants' motion (D.I. 520) is DENIED.

**I.    BACKGROUND**

In its complaint, Plaintiff alleged that online features of three accused video games (Grand Theft Auto Online ("GTAO"), NBA 2K15, and NBA 2K16) infringe six patents: U.S. Patent Nos. 6,701,344 ('344 patent), 6,714,966 ('966 patent), 6,732,147 ('147 patent), 6,829,634 ('634 patent), 6,910,069 ('069 patent), and 6,920,497 ('497 patent). (D.I. 1). Defendants disagreed and moved for summary judgment of non-infringement on all asserted claims. (D.I. 462). After considering the parties' arguments, I granted Defendants' motion and ordered that judgment be entered in favor of Defendants. (D.I. 492, 495). Plaintiff appealed my judgment on multiple grounds. The Federal Circuit affirmed-in-part and dismissed-in-part on appeal. *See Acceleration Bay LLC v. 2K Sports, Inc.*, 15 F.4th 1069, 1079 (Fed. Cir. 2021).

1

## II.     LEGAL STANDARD

The Patent Act provides, "The court in exceptional cases may award reasonable attorney fees to the prevailing party."   35 U.S.C. § 285.   Under the statute there are two basic requirements: (1) that the case is "exceptional" and (2) that the party seeking fees is a "prevailing party."   The Supreme Court defined an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."   *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 545 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."   *Id.*   The Supreme Court has provided a non-exclusive list of factors for district courts to consider in deciding whether a case is exceptional, including frivolousness, deterrence, motivation, and objective unreasonableness in the factual and legal components of the suit.   *Id.* at 554 n.6.   A movant must establish its entitlement to attorneys' fees under § 285 by a preponderance of the evidence.   *Id.* at 557-58.

28 U.S.C. § 1927 provides, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."   The Third Circuit limits § 1927 fee awards to instances where an attorney has "(1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct."   *LaSalle Nat'l Bank v. First Conn. Holding Grp., LLC.*, 287 F.3d 279, 288 (3d Cir. 2002).   "[S]anctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-

intentioned zeal." *Id.* at 289. Further, "§ 1927 explicitly covers only the multiplication of proceedings that prolong the litigation of a case and likely not the initial pleading, as the proceedings in a case cannot be multiplied until there *is* a case." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir. 2008) (emphasis in original).

## III. DISCUSSION

Defendants argue that this was an exceptional case warranting an award of attorneys' fees under 35 U.S.C. § 285 for two reasons: (1) Plaintiff's "substantive litigation positions were exceptionally weak" and (2) Plaintiff's "litigation conduct was exceptional[ly]" unreasonable. (D.I. 521 at i).

First, Defendants provide numerous examples of Plaintiff relying on "exceptionally weak" arguments during this litigation. (*Id.* at 5-13). Defendants' prime example is their assertion that Plaintiff relied on a modified screenshot from GTAO as falsified evidence supporting its infringement theory for the "m-regular" limitation. (*Id.* at 5-8). Plaintiff's experts did not recognize that certain modifications were made to this screenshot during their depositions. (*See id.* at 7-8 (citing D.I. 464, Ex. E-5 at 56:23–57:8, 65:7-14, Ex. E-6 at 36:24–37:1, 132:24–133:9)). All things considered, I am not convinced that Plaintiff or its experts intentionally relied on a falsified screenshot, particularly given that Defendants' experts noted in their reports that these images were otherwise "modified." (D.I. 464, Ex. A-1 at ¶173, Ex. A-2 at ¶129; *see also* D.I. 524 at 2-7, 5 (Plaintiff arguing that, "Even Take Two's counsel acknowledged the understanding that the [modified GTAO] image was only intended to illustrate concepts and was not offered as evidence of infringement during the experts' depositions.")).

Besides the accusation of relying upon falsified evidence, Defendants argue that in many additional instances Plaintiff's arguments were exceptionally weak. (D.I. 521 at 5-13). These

instances include: Plaintiff's infringement theories for the "m-regular" limitation, none of which made it past summary judgment (*id.* at 5-9) (arguing that, in addition to the use of falsified evidence, Plaintiff's infringement theories for the "m-regular" limitation were "baseless"); Plaintiff's arguments regarding the eligibility of asserted computer readable medium claims under 35 U.S.C. § 101, where, after an unfavorable claim construction ruling, Plaintiff was unwilling to stipulate to ineligibility and instead pressed forward only to lose at summary judgment (*id.* at 9-10); Plaintiff's infringement accusations against games operating on the Sony PlayStation platform that were dismissed for a lack of standing (*id.* at 10-11; *see Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. 1:16-cv-00453-RGA, 2017 WL 3668597 (D. Del. Aug. 24, 2017)); and Plaintiff's damages theories which were excluded in a related case (D.I. 521 at 11-13). I agree that Plaintiff lost on several issues with objectively weak arguments, which ultimately led to my granting summary judgment. Yet, I do not find that Plaintiff's arguments stand out as exceptionally weak; instead, it is often the case in complex litigation that zealous advocates will lose on multiple issues. (*See* D.I. 524 at 7-14 (Plaintiff explaining why their arguments were not unreasonable)).

Second, Defendants argue that the impropriety of Plaintiff's litigation conduct—including the lack of candor, forcing relitigation of lost issues, and the pattern of inappropriate conduct in previous cases—further proves that this case was exceptional. (*See* D.I. 521 at 13-15). Regarding the lack of candor, I stated in an earlier Order in a related case that I was "concerned that Plaintiff's national counsel cannot be relied upon for 'candor to the tribunal'" based on incidents that occurred during discovery and claim construction. *Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. 1:16-cv-00453-RGA, D.I. 422 (D. Del. Jan. 17, 2018) (denying Defendants' request to strike untimely expert reports). I do not agree, however, that this proves

4

that this case was exceptional. As to forcing relitigation of lost issues, Defendants list several instances in which they feel this was the case. (*See* D.I. 521 at 13-14). I again disagree that these instances stand out from other cases I have seen.

Regarding Plaintiff's pattern of misconduct, Defendants reference multiple instances where courts have reprimanded Plaintiff's attorneys for inappropriate conduct. (*Id.* at 14-15 (citing *Freshub, Inc. v. Amazon.com Inc.*, No. 6:21-cv-00511-ADA, 2021 WL 5987106, at *6 (W.D. Tex. Dec. 17, 2021) (pending appeal in Fed. Cir. Case No. 22-1425) ("[A] bitter losing party's difficulty in explaining its loss is never a proper basis for counsel to invoke baseless allegations of racism and anti-Semitism to request a new trial. Such vitriolic and unsubstantiated allegations are not only shocking, but also offensive to this Court. ... By making such baseless allegations, Freshub's counsel has breached their duty to the Court."); *Finjan, Inc. v. Juniper Networks, Inc.*, No. 3:17-cv-05659-WHA, 2021 WL 3140716, at *4 (N.D. Cal. July 26, 2021) (pending appeal in Fed. Cir. Case No. 21-2253) ("In no way does this order vindicate Attorneys James R. Hannah, Lisa Kobialka, and Paul J. Andre. Their conduct was improper and frustrated the fairness of the proceedings. Judges in the future should take this into account when dealing with them in future cases."); *Midwest Athletics & Sports All. LLC v. Ricoh USA, Inc.*, No. 2:19-cv-00514-JDW, 2021 WL 1907475, at *6 (E.D. Pa. May 12, 2021) (pending appeal in Fed. Cir. Case No. 21-2340) ("No court likes to say that a party acted in bad faith, but the Court questions how MASA and its attorneys could have thought that such conduct fell within expected standards of practice.") (cleaned up))). While the need for deterrence must be considered in deciding whether a case is exceptional, I do not believe these attorneys' misconduct in unrelated cases (which seems worse than what I saw) described in opinions issued well after the final judgment in this case should too heavily cloud my consideration of whether the present case was exceptional.

5

What I said previously about the conduct in this case (D.I. 422) stands,[1] and it is Defendants' strongest single argument for an exceptional case determination, but I nevertheless do not think it had a significant impact on the proceedings in this case. Thus, the conduct, while regrettable, does not in my opinion justify a finding that the case is exceptional.

In sum, I agree with Defendants that there are multiple instances where Plaintiff's counsel could and in some instances should have litigated this case differently, and I understand Defendants' frustration. Yet, I do not believe the totality of these instances proves that this case was exceptional.

Having found that Defendants have not shown that this case was exceptional, I need not determine whether attorneys' fees should be awarded against Plaintiff's principals, alter egos, and attorneys. (*See* D.I. 521 at 16-18; *see also Dragon Intell. Prop., LLC v. DISH Network L.L.C.*, No. CV 13-2066-RGA, 2021 WL 5177680, at *5 (D. Del. Nov. 8, 2021) ("The Federal Circuit held in two non-precedential opinions that § 285 does not permit a fee award against counsel.")). I note Defendants' request that I reconsider my decision in *Dragon Intellectual Property* (somewhat ironically given their complaint that Plaintiff relitigates issues), and extols the virtue of *Iris Connex LLC v. Dell, Inc.*, 235 F.Supp. 3d 826 (E.D. Tex. 2017). Whatever the virtue of *Iris Connex* might be in its factual context, one thing that stands out is that the Court's consideration of attorneys' fees did not result in the award of attorneys' fees against counsel for his litigation of the case (although he was sanctioned pursuant to Rule 11).

Further, Defendants argue, "Alternatively, the Court should award Defendants their fees and costs under its inherent power." (D.I. 521 at 19-20, 19 (citing 28 U.S.C. § 1927)). For the

---

[1] I note that I had a trial with the same counsel last fall and no similar issues arose.

same reasons described above regarding 35 U.S.C. § 285, I do not find that Plaintiff's counsel has "(1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." *LaSalle*, 287 F.3d at 288. I also note that it would be a rare case where there could be a basis for an inherent power sanction when there was an insufficient basis for a § 285 finding.

## IV.    CONCLUSION

Defendants' motion for attorneys' fees and costs is **DENIED**.

IT IS SO ORDERED this 15th day of July, 2022.

United States District Judge